UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SIMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. NAJERA,<br><br>　　　　Defendant. | Case No.: 1:12-cv-00466- JLT<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS<br>(DOC. 6)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(Doc. 1) |

Robert Sims is a civil detainee who seeks to proceed *in forma pauperis* (Doc. 6) and *pro se* in this action.

## I.   MOTION TO PROCEED IN FORMA PAUPERIS

In the instant action, plaintiff filed an application to proceed in forma pauperis. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). In any event, examination of the documents submitted with Plaintiff's motion to proceed in forma pauperis, reveal that plaintiff is unable to afford the costs of this action. Accordingly, the motion to proceed in forma pauperis is **GRANTED**. (Doc. 6)

///

///

1

## II. SCREENING REQUIREMENT

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Correctional Office A. Najera used excessive force on him at some point in the past at some unnamed place of incarceration. (Doc. 1 at 3) This is not the first time that Plaintiff has raised this claim.

First, Plaintiff filed <u>Sims v. Guirbino</u>, E.D. Cal. Case No. 1:09-cv-01850 GBC, on October 21, 2009. In this case, Plaintiff claimed, among other things, that Defendant Najera used excessive force on him. (Doc. 1) This case was dismissed on September 6, 2011, after Plaintiff failed to pay the filing fee or file a motion to proceed in forma pauperis. (Doc. 12) Soon thereafter, Plaintiff filed <u>Sims v. Department of Corrections</u>, S.D. Cal. Case No.: 3:11-cv-03011 LAB PCL, on December 11, 2011 in which he raised the same claims against Defendant Najera. This case was dismissed on February 24, 2012 after the Court found the matter to be frivolous because he had already raised this claim in the earlier litigation. (Doc. 5)

In this current action, it appears that Plaintiff may be seeking to appeal the determination made in the <u>Department of Corrections</u> matter. Plaintiff asserts that he "seek review from the superior court Fresno, CA, Judge Larry Burns, Magistrate Judge Peter C. Lewis." (Doc. 1 at 5) On the other hand, he asserts that "C/O A. Najera dident have justification to pull out her poton strikingly Plaintiff and beating." <u>Id</u>. at 3.

///

## V. DISCUSSION AND ANALYSIS

If Plaintiff truly is seeking to appeal the determination of Judge Burns in the <u>Department of Corrections</u> matter, he is advised that he must file his Notice of Appeal with the Ninth Circuit Court of Appeals. In that document, he must specify that he is appealing, the case number of the matter he is appealing, the judgment or order he seeks to appeal, and he must identify that he is appealing to the Ninth Circuit Court of Appeals. Fed. R. App. P. 3(c)(1).

On the other hand, if Plaintiff is seeking to state a claim for excessive force against A. Najera, he must provide a **short, plain statement** that gives the defendant fair notice of what the Plaintiff's claim is and the facts upon which his claim rests. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Thus, Plaintiff must provide facts about who the Defendant is, what the Defendant did and how the Defendant's actions violated his rights. Defendants are not sued collectively and each Defendant is only liable for the injuries that his/her own actions cause.

## VI. Leave to Amend

If Plaintiff is seeking to state a claim for excessive force rather than appealing the earlier determination, the Court will provide Plaintiff one opportunity to amend his pleading to cure the deficiencies noted in this order. See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

Plaintiff is cautioned that in his first amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

///

## IV. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is **DISMISSED**;
2. Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. **Plaintiff is firmly cautioned that failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **April 9, 2012**                    /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE

5