UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SIMS,<br><br>        Plaintiff,<br><br>    v.<br><br>A. NAJERA,<br><br>        Defendant. | Case No.: 1:12-cv-00466- AWI- JLT<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT<br><br>(Doc. 8) |

Robert Sims is a civil detainee proceeding *in forma pauperis* and *pro se* in this action.

## I.   SCREENING REQUIREMENT

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b).  The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

///

///

1

## II.  PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*  The Court may grant

leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### Iii.    PLAINTIFF'S ALLEGATIONS

As in his original complaint, Plaintiff alleges that Correctional Officer A. Najera used excessive force on him at some point in the past at some unnamed place of incarceration which, he claims constitutes cruel and unusual punishment. (Doc. 8 at 3)

As noted in the earlier order, Plaintiff first filed allegations related to this same or a similar event in Sims v. Guirbino, E.D. Cal. Case No. 1:09-cv-01850 GBC, on October 21, 2009. This case was dismissed without prejudice on September 6, 2011, after Plaintiff failed to pay the filing fee or file a motion to proceed in forma pauperis. (Doc. 12)  Soon thereafter, Plaintiff filed Sims v. Department of Corrections, S.D. Cal. Case No.: 3:11-cv-03011 LAB PCL, on December 11, 2011 in which he raised the same claims against Defendant Najera. This case was dismissed without prejudice on February 24, 2012 after the Court found the matter to be frivolous because he had already raised this claim in the earlier litigation.[1] (Doc. 5)

In his earlier complaint filed in this action, it appeared that Plaintiff may have been seeking to appeal the determination made in the Southern District. However, with the allegations raised in his amended complaint, it appears that Plaintiff is seeking a determination of the merits of the alleged incident of excessive force.

### V.    DISCUSSION AND ANALYSIS

In this complaint, plaintiff uses the exact same allegations as before but omits reference to seeking review of the decision issued in the Southern District.  In evaluating the complaint, it appears that Plaintiff has failed to provide basic information about his claim.  Notably, he does not allege the date that the event occurred or even basic information about what happened, how it happened, etc.  On the other hand, in his earlier action, he alleged that the event occurred on a particular date[2] and gave

---

[1] In issuing this order, the Court did not seem to take note that the earlier action had been dismissed without prejudice.
[2] In the earlier case, Plaintiff alleged that the event occurred on October 14, 2009 which was only five days before the complaint was filed. Thus, if this same event is at issue, it appears that Plaintiff did not file a 602 grievance before the filing of the complaint and exhaust all levels of review because this cannot be done within five days. However, Plaintiff may have exhausted this claim since the filing of this earlier complaint.

details about what occurred, how it occurred and the circumstances surrounding the event that he believed caused him damages. Sims v. Guirbino, E.D. Cal. Case No. 1:09-cv-01850 GBC, (Doc. 1). The Court cannot be sure, however, that this current litigation involves the same facts and the same event as in the earlier action—though it seems to do so.

To state a claim for excessive force against A. Najera, he must provide a short, plain statement that gives the defendant fair notice of what the Plaintiff's claim is and the facts upon which his claim rests. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Thus, Plaintiff must provide facts about who the Defendant is, what the Defendant did and how the Defendant's actions violated his rights. Defendants are not sued collectively and each Defendant is only liable for the injuries that his/her own actions cause.

## VI. Leave to Amend

The Court will provide Plaintiff a <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his second amended complaint, **Plaintiff must allege** who the Defendant is, what the Defendant did and how the Defendant's actions violated his rights. Plaintiff is advised that his failure to do so **will result** in a recommendation to dismiss this action.

In addition, Plaintiff is cautioned that in his second amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his second amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV.   CONCLUSION

4

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is **DISMISSED**;
2. Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. **Plaintiff is firmly cautioned that failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **June 6, 2012**                              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE