UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SIMS,<br><br>        Plaintiff,<br><br>    v.<br><br>A. NAJERA,<br><br>        Defendant. | Case No.: 1:12-cv-00466- AWI- JLT<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 11) |

Robert Sims is a civil detainee proceeding in forma pauperis and pro se in this action.

### I.   SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

### II.   PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the

1

1  relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P.
2  8(a).  The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less
3  stringent standards" than pleadings by attorneys.  <u>Haines v. Kerner</u>, 404 U.S. 519, 521-21 (1972).
4   A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and
5  succinct manner.  <u>Jones v. Cmty Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). The
6  purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds
7  upon which the complaint stands.  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002).  The
8  Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

<u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).
Conclusory and vague allegations do not support a cause of action.  <u>Ivey v. Board of Regents</u>, 673
F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

<u>Iqbal</u>, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pled, a court should
assume their truth and determine whether the facts would make the plaintiff entitled to relief;
conclusions in the pleading are not entitled to the same assumption of truth.  <u>Id</u>.  The Court may grant
leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an
amendment.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

 In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he
suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that

the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III.   PLAINTIFF'S ALLEGATIONS

In his Second Amended Complaint, Plaintiff alleges that on October 14, 2009, he was an inmate at Wasco State Prison. (Doc. 11 at 1-2) On that date, he was ordered to "get down" but did not do so. Id. Correctional Officer A. Najera observed that Plaintiff refused to "get down" and Najera again ordered Sims to do so. Id. at 2. Sims refused and said, "Do what you have to do." Id. In response, Najera struck Plaintiff on the thigh with her baton. Id. As a result, Plaintiff lowered himself to the ground. Id.

Plaintiff contends that Najera knew that he was mentally ill and he seems to imply that his mental illness was the reason Plaintiff failed to respond appropriately to the order to "get down." (Doc. 11 at 2) Plaintiff contends that Najera struck Plaintiff maliciously despite knowing that his mental illness interfered with his ability to comply with the order. Id. Plaintiff claims that this is a violation of the Americans with Disabilities Act.

### V.   DISCUSSION AND ANALYSIS

#### A.   The Americans with Disabilities Act

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir.2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1)[he] is a qualified individual with a disability; (2)[he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998)( noting that phrase "services, programs, or activities" in § 12132

includes recreational, medical, educational, and vocational prison programs); Lee v. Valdez, CIV.A.3:07-CV-1298-D, 2009 WL 1406244 (N.D. Tex. May 20, 2009); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir.1997); see also Duffy v. Riveland, 98 F.3d 447, 453–56 (9th Cir.1996). "To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir.2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139.  Thus, Plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that Defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

Here, Plaintiff alleges that he was struck with the baton because he would not obey an order to "get down."[1]  Without naming his mental disorder, he implies that his mental illness made him unable to comply with the order and the correctional officer knew of his mental illness.  Plaintiff is being held at Coalinga State Hospital which houses only Sexually Violent Predators ("SVP").[2]   Presumably, the mental illness to which Plaintiff refers is the underlying condition which qualified him as an SVP.[3]  He

---

[1] The Court is aware that this order is given by correctional staff in order to quell a disturbance or to address the conduct of a disruptive inmate.  If that was not the motivation for the order here, Plaintiff must provide facts to outline the circumstances of the order.

[2] "The State has specifically designated Coalinga State Hospital to house sexually violent predators. See People v. Ciancio, 109 Cal.App.4th 175, 186, 134 Cal.Rptr.2d 531 (2003) ("A permanent SVP facility for male SVP's is currently being built in Coalinga, California."); California Department of Mental Health, Coalinga State Hospital, http://www.dmh.ca.gov/Services_and_ Programs/State_Hospitals/Coalinga/default.asp ("Coalinga State Hospital began treating forensically committed individuals-mostly sexually violent predators who were transferred from Atascadero State Hospital-in early September 2005."); California Department of Mental Health Fact Sheet, Sex Offender Commitment Program (Mar. 18, 2010) ("Males [committed pursuant to the SVPA] are placed at Coalinga State Hospital for custody and treatment."), *available at* http://www.sdnn.com/files/2010/03/SOCP-fact-sheet.pdf." Rhoden v. Carona, 2010 WL 4449711 at * 10 (C.D. Cal. Aug. 24, 2010).

[3] To be determined to be a Sexually Violent Predator ("SVP"), the detainee must have been convicted of a sexually violent offense and have a diagnosed mental disorder that makes it "likely that he ... will engage in sexually violent criminal behavior." Cal. Welf. & Instit. Code § 6606(a)(1). Sexually violent offenses include such acts as rape, spousal rape, aggravated sexual assault of a child, sodomy, lewd or lascivious acts involving children, oral copulation, continuous sexual abuse of a child and penetration by a foreign object or kidnaping or assault with the intent to commit one of these other crimes. Cal. Welf. & Instit. Code 6000(b). The sexually violent act must have been committed "by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person ..." Id.
Williams v. Ahlin, 1:10-CV-00984 JLT PC, 2011 WL 5307819 (E.D. Cal. Nov. 3, 2011)

fails to provide any authority or factual support that suffering from a mental disorder that qualifies him as an SVP, makes him unable to comply with lawful commands of correctional staff and the Court finds such an allegation to be facially implausible. Iqbal, 129 S. Ct. at 1949

Moreover, the bare facts alleged do not demonstrate this incident violates the ADA. There are no facts alleged that if any other inmate had failed to comply, that force would not have been used or that the use of force somehow prevented Plaintiff from accessing other prison benefits. Thus, Plaintiff has failed to state a claim under the ADA.

**B.     Eighth Amendment prohibition against the use of excessive force**

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir.2002). In determining whether a prison official has used excessive force, "the core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Factors the court may consider in making this determination include: (1) the extent of the injury; (2) the need for force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a forceful response. Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). When reviewing these factors, the court must remember that "[p]rison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley, 475 U.S. at 320–21 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)).

Here, Plaintiff alleges, in essence, that Defendant used force maliciously to cause him injury. He bases this allegation on the conclusion that Defendant was aware of his mental condition. However, he fails to allege any facts that would support this conclusion. He does not state what type of mental illness from which he suffered, why this condition made him unable to comply with orders

of correctional staff, what was happening such to necessitate the order to "get down," or any facts that would support his conclusion that Defendant knew Plaintiff suffered from a mental condition that made him unable to comply with orders. Thus, he has failed to state a claim.

## VI.   Leave to Amend

The Court will provide Plaintiff a <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order. See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his second amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action.**

In addition, Plaintiff is cautioned that in his third amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his third amended complaint, his original pleadings are superceded and no longer serve any function in the case. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the third amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV.   CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's second amended complaint is **DISMISSED**;
2. Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

    4.    **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated: **July 20, 2012**                     /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE