UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SIMS,<br><br>        Plaintiff,<br><br>    v.<br><br>A. NAJERA,<br><br>        Defendant. | Case No.: 1:12-cv-00466- AWI- JLT<br><br>ORDER DISMISSING THIRD AMENDED COMPLAINT<br><br>(Doc. 14) |

Robert Sims is a civil detainee proceeding in forma pauperis and pro se in this action.

## I.    SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## II.    PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the

1  relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P.
2  8(a).  The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less
3  stringent standards" than pleadings by attorneys.  <u>Haines v. Kerner</u>, 404 U.S. 519, 521-21 (1972).
4  　　　　A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and
5  succinct manner.  <u>Jones v. Cmty Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). The
6  purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds
7  upon which the complaint stands.  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002).  The
8  Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

13  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).
14  Conclusory and vague allegations do not support a cause of action.  <u>Ivey v. Board of Regents</u>, 673
15  F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

22  <u>Iqbal</u>, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pled, a court should
23  assume their truth and determine whether the facts would make the plaintiff entitled to relief;
24  conclusions in the pleading are not entitled to the same assumption of truth.  <u>Id</u>.  The Court may grant
25  leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an
26  amendment.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).
27  　　　　In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he
28  suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that

the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III.  PLAINTIFF'S ALLEGATIONS

In his Third Amended Complaint, Plaintiff alleges that on October 14, 2009, he was an inmate at Wasco State Prison. (Doc. 14 at 1) On that date, he was ordered to "get down" but did not do so. Id. Plaintiff alleges he suffers from fetal alcohol syndrome and this condition caused him to refuse to "get down." Id. at 2. Plaintiff concludes—without citing any facts to support the conclusion--that Correctional Officer A. Najera was aware that Plaintiff suffered from this syndrome and, despite this, failed to determine the reasons for Plaintiff's refusal to "get down." Id. at 2. As a result, Plaintiff and Najera "had a dispute." Id. at 1-2. Plaintiff contends that Najera was obligated to "take the appropriate steps to treat the patient or prisoner with due diligents [sic] when taking disciplinary action." Id. at 2. Plaintiff provides no other factual allegations related to the event at issue.

In the current complaint, Plaintiff alleges only that the event violated the Americans with Disabilities Act.

### IV.  DISCUSSION AND ANALYSIS

#### A.  The Americans with Disabilities Act

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir.2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1)[he] is a qualified individual with a disability; (2)[he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998)( noting that phrase "services, programs, or activities" in § 12132

1 includes recreational, medical, educational, and vocational prison programs); Lee v. Valdez, CIV.A.3:07-CV-1298-D, 2009 WL 1406244 (N.D. Tex. May 20, 2009); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir.1997); see also Duffy v. Riveland, 98 F.3d 447, 453–56 (9th Cir.1996). "To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir.2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. Thus, Plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that Defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

Here, Plaintiff's allegation that he suffered from Fetal Alcohol Syndrome is sufficient to demonstrate that he is an individual with a disability. However, Plaintiff alleges that Najera acted him **because he failed to recognize** Plaintiff had been diagnosed with Fetal Alcohol Syndrome and the attendant limitations imposed by this condition. (Doc. 14 at 2) Thus, because Najera *failed to recognize* that Plaintiff suffered from a disability, it is clear that the officer's actions were not motivated by any intent to discriminate against him based upon his disability. On the other hand, it is also clear from Plaintiff's earlier complaints that every prisoner in the area was required to "get down." Plaintiff was not required to do so because he had a mental condition and he was not being singled out because of his mental condition. On the contrary, it appears that Plaintiff is contending that he *should have been singled out* and should have been permitted to refuse to "get down," *because* he has a mental disability.

On the other hand, it does not appear that Plaintiff was excluded from participation in or denied benefits of any services, programs or activities of the prison due to his disability. The facts alleged in Plaintiff's previous complaints indicated that when Najera observed that Plaintiff refused to "get down," Najera again ordered Sims to do so. (Doc. 11 at 2.) Again Sims refused and said, "Do what you have to do." Id. In response, Najera struck Plaintiff on the thigh with her baton. Id. As a result, Plaintiff lowered himself to the ground. Id. Thus, the use of the force was limited to the time

when the prison disturbance was ongoing and ceased when Plaintiff "got down."

In Hainze v. Richards, 207 F.3d 795, 801 (5th Cir.2000), the court held that an ADA claim cannot be based upon an "officer's on-the-street responses to reported disturbances or other similar incidents, whether or not those calls involve subjects with mental disabilities, prior to the officer's securing the scene and ensuring that there is no threat to human life."The court went continued,

> To require the officers to factor in whether their actions are going to comply with the ADA, in the presence of exigent circumstances and prior to securing the safety of themselves, other officers, and any nearby civilians, would pose an unnecessary risk to innocents. While the purpose of the ADA is to prevent the discrimination of disabled individuals, we do not think Congress intended that the fulfillment of that objective be attained at the expense of the general public.

Id.

Here, there is no allegation that the order to "get down" by the officer originally giving the order or when Najera gave the order was made for any reason other than to quell the prison disturbance.  Notably, in its order dismissing Plaintiff's Second Amended Complaint, the Court specifically instructed Plaintiff that if the order was given for a reason other than to quell a prison disturbance, Plaintiff was required to allege facts that outlined the reason.  (Doc. 12 at 4 n. 1)  Despite this explicit instruction, Plaintiff did not do so.  Therefore, it is clear that Plaintiff does not take issue with the motivation for giving the order.  Moreover, there is no allegation that once the disturbance was quelled, that Najera took any other wrongful actions.  Thus, the Court concludes that like an officer on the street, when a correctional officer is required to take steps to quell a prison disturbance, the officer's actions in securing the area cannot form the basis for a claim under the Americans with Disabilities Act.  Hainze, 207 F.3d at 801 Thus, the Court will order the complaint is **DISMISSED**.

**V.    No Leave to Amend**

The Court finds that the third amended complaint fails to state a cognizable claim under the Americans with Disabilities Act.  The Court previously dismissed Plaintiff's previous three complaints with leave to amend while informing Plaintiff therein of the deficiencies in his claims.  Because Plaintiff has failed to amend his pleadings to cure the deficiencies in a meaningful way, the Court will not afford Plaintiff further leave to amend.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where the court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

VI.     **CONCLUSION**

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's third amended complaint is **DISMISSED**;
2. The matter is CLOSED.

IT IS SO ORDERED.

Dated:   **August 28, 2012**                         **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE