UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SIMS, ) | Case No.: 1:12-cv-00466- AWI- JLT |
| ) | |
| Plaintiff, ) | ORDER DISMISSING THIRD AMENDED |
| ) | COMPLAINT |
| v. ) | |
| ) | (Doc. 14) |
| A. NAJERA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**I.   Background**

On August 29, 2012, the Court entered judgment of dismissal in the case after determining that Plaintiff had not stated a claim despite four attempts to do so. (Docs. 15, 16) On November 15, 2012, Plaintiff filed his notice of appeal. (Doc. 17)  In this document, Plaintiff reports the mail system at Coalinga State Hospital is not timely delivered especially as it relates to legal mail. Id. at 3.  Plaintiff does not note when he received the judgment ultimately or any facts about his diligence in filing the notice of appeal once he received it.

On December 21, 2012, the Ninth Circuit Court of Appeals remanded the matter to this Court to determine whether the information included in the notice of appeal, if construed as a motion to reopen the period for appeal, should be granted.  (Doc. 21)

1

## II. The request for an extension of time fails to comply with FRAP 4(a)(6)[1]

Plaintiff reports that the mail delivery system at Coalinga State Hospital is slow, particularly as to legal mail.  (Doc. 17 at 3)  Given this, Plaintiff did not file his notice of appeal timely.  Id. This situation, therefore, is governed by F.R.A.P. 4(a)(6).  "Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered." In re Alexander, 197 F.3d 421, 425 (9th Cir. 1999) quoting16A Charles Alan Wright et al., Federal Practice and Procedure § 3590.6 at 228 (3d ed. 1999); Nunley v. City of L.A., 52 F.3d 792, 799 (9th Cir. 1995); See also Baker v. California Youth Auth., 1999 U.S. App. LEXIS 20359 (9th Cir. Cal. Aug. 25, 1999) ("Rule 4(a)(6), not Rule 4(a)(5), covers the situation where a party's failure to receive notice of an order precludes a timely appeal. See Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1202 (5th Cir. 1993).")

F.R.A.P. 4(a)(6) reads,

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, **but only if** all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

(Emphasis added).  Here, because Plaintiff failed to report when he received the notice of entry of judgment, the Court cannot determine whether Plaintiff failed to receive it within 21 days of August 29, 2012.  For the same reason, the Court cannot determine whether he filed his motion to reopen the time to file an appeal within 14 days after he received the notice of entry of judgment.  Thus, because the Court cannot make the findings required by F.R.A.P. 4(a) and it may reopen the time to file an

---

[1] **Error! Main Document Only.**Because the Court concludes that the request must be analyzed under F.R.A.P. 4(a)(6), it "need not" consider whether it comports with F.R.A.P. 4(a)(5).  Nunley, 52 F.3d at 799(Where a party alleges non-receipt of notice of entry of judgment, the Court need not reach the question of whether the request comports with Rule 4(a)(5) but, instead, analyzes the request under Rule 4(a)(6).)  In any event, the Court finds that there is no showing of good cause or excusable neglect given Plaintiff fails to set forth any grounds, other than the late receipt of the notice of entry of judgment, for the untimely filing.

2

appeal "only if" it makes these findings, the Court lacks the "authority under Rule 4(a)(6) to reopen or extend the time for filing a notice of appeal." Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir. 1994). Therefore, the motion to reopen the notice of appeal is **DENIED.**

### III.   Conclusion

Because Plaintiff failed to provide a sufficient factual basis for his request to reopen the period for filing an appeal, the Court lacks the authority to do so.

**ORDER**

Based on the foregoing, the Court **ORDERS**:

1. The motion to reopen the appeal period is **DENIED**;
2. The Clerk of the Court is **DIRECTED** to send a copy of this order to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   **December 17, 2012**           /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE