UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SIMS,<br>　　　　　Plaintiff,<br>　　v.<br>A. NAJERA, et al.<br>　　　　　Defendants. | Case No.: 1:12-cv-00466 – JLT (PC)<br><br>SECOND ORDER DENYING PLAINTIFF'S MOTION TO REOPEN THE APPEAL PERIOD<br><br>(Docs. 17, 25) |

Plaintiff Robert Sims ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is housed at Coalinga State Hospital. On April 24, 2013, the Ninth Circuit Court of Appeals remanded this matter for the limited purpose of the Court' reconsidering the issue of whether Plaintiff's notice of appeal could be construed as a motion to reopen the appeal period. For the following reasons, the Court **DENIES** the motion.

**I.　Background**

The Court entered a final judgment of dismissal on August 29, 2012, after Plaintiff failed to state a cognizable claim on four separate occasions. (Docs. 7, 9, 12, 15). On November 15, 2012, Plaintiff filed his notice of appeal. (Doc. 17). In the notice, Plaintiff recognized that his notice of appeal was late but asserted this was due to mail "running late." Id. at 3.

The Ninth Circuit remanded the matter to the Court on December 14, 2012, requesting that the Court determine whether Plaintiff's November 15 motion (Doc. 17) was a timely motion to reopen the

1

time to appeal. (Doc. 21). On December 18, 2012, the Court denied Plaintiff's motion to reopen the appeal period. (Doc. 24). Notably, Plaintiff failed to indicate when he ultimately received the entry of judgment and failed to provide facts explaining his diligence in filing his notice of appeal. Id. at 1.

Nonetheless, on April 24, 2013, the Ninth Circuit again remanded the matter for the "limited purpose of allowing the court to consider whether appellant's statement in his notice of appeal could be construed as a timely motion to reopen the time to appeal." (Doc. 25). The Ninth Circuit requested that the Court provide Plaintiff an opportunity to file a declaration concerning the date he received the notice of the entry of judgment. Id. at 1-2. In the alternative, the Court could conduct a factual investigation beyond the face of the pleadings. Id. at 2.

The next day, on April 25, 2013, the Court ordered Plaintiff[1] to file "a declaration stating the date he received notice of entry of judgment and the date he filed his notice of appeal." (Doc. 26) The Court granted Plaintiff 21 days to provide the declaration. Id. Nevertheless, Plaintiff failed to do so.

In the meanwhile, on May 23, 2013, the Court, realizing its mistake in ordering the non-appearing defendants to respond with the information related to Plaintiff's mail log, requested the Litigation Coordinator to provide the information as a courtesy. Instead, the Coordinator responded informally that this information was not readily available.

On June 12, 2013, the Court issued an order to Plaintiff to show cause why sanctions should not be imposed for his failure to comply with the April 25, 2013 order. (Doc. 27) On June 27, 2013, Plaintiff signed a request (received by the Court on July 1, 2013) seeking a 90-day extension of time to file the declaration. (Doc. 28) Despite that Plaintiff had received the Court's order and prepared his request for the extension in just over two weeks, Plaintiff again cited "slow" mail and that his mental illness (reportedly, fetal alcohol syndrome (Doc. 14 at 1)) "makes me slow at times" as explanation for why he could not provide the information.

The Court granted Plaintiff an additional 30 days to file his declaration and reminded him that all that was needed was "a simple letter, signed under penalty of perjury" which detailed when Plaintiff received the notice of entry of judgment and the date he gave his notice of appeal to hospital

---

[1] The Court erroneously ordered defendants to provide the same information. This order went unanswered given that, of course, no defendant had appeared in the matter.

officials for filing. (Doc. 29 at 2) Nevertheless, more than 30 days have passed and still Plaintiff has not filed the document.

**II.      Plaintiff has been provided ample opportunity to file a declaration and has failed to do so**

Pursuant to the Ninth Circuit's directive, the Court provided Plaintiff the opportunity to notify the Court of the date on which he received the notice of the entry of judgment and attempted to obtain the information directly from the hospital; both efforts failed. First, the Court ordered Plaintiff to "file a declaration stating the date he received notice of entry of judgment and the date he filed his notice of appeal." (Doc. 26). Second, on May 23, 2013, the Court requested that the Litigation Coordinator of CHS provide the Court a copy of Plaintiff's mail log from August 29, 2012, through November 15, 2013, which CSH did not provide.[2] Third, on June 12, 2013, the Court issued a rule to show cause as to why sanctions should not be entered against Plaintiff for his failure to file the declaration. (Doc. 27). The Court explicitly warned that **"[f]ailure to file this declaration will result in an immediate finding that Plaintiff's statement in his notice of appeal cannot be construed as a timely motion to reopen the appeal**." Id. at 2 (emphasis in original). Finally, the Court provided Plaintiff an additional 30 days to provide the "simple letter" but Plaintiff did not do so.[3]

Although clearly Plaintiff suffers from a mental condition such to require his continued detention at Coalinga State Hospital as a sexually violent predator, he provides little explanation why

---

[2] In response to the Court's request, the Litigation Coordinator informed the Court that CSH does not keep an individualized record of patients' mail. The Litigation Coordinator explained that any mail logs kept would show the mail records of all CSH's patients. She further explained that production of the mail logs would place a substantial and unnecessary burden on CSH because she would have to redact the name of all other patients prior to production.

Notably, given that CSH has not been served pursuant to Fed. R. Civ. P. 4(d), the Court lacks personal jurisdiction over CSH to compel production of the mail logs. See e.g., Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982).

[3] Moreover, the evidence in this case does not demonstrate an overly-slow mail service. Indeed, Plaintiff has promptly responded to orders of the Court. For example, when served his request to consent or decline to Magistrate Judge jurisdiction on March 30, 2012 and ordered him to submit a request to proceed in forma pauperis (Doc. 3), he received the document and signed the consent form and prepared his motion to proceed IFP within four days. (Docs. 5, 6) The Court received his consent two days later. (Doc. 5) When the Court dismissed his complaint on April 10, 2012 (Doc. 7), Plaintiff received it and prepared his first amended complaint within two days. (Doc. 8 at 3) The Court received the first amended complaint five days later. (Doc. 8) After this, Plaintiff's responses were not prompt but Plaintiff never reported this was due to delayed mail. Notably, in the past, as noted above, Plaintiff has responded to the Court's orders within days of their being made. Plaintiff's notice of appeal was signed on November 11, 2012 and filed on November 15, 2012. (Doc. 17) This demonstrates a mere delay of four days and the date the notice was signed was a Sunday when, of course, no mail service is run. Moreover, the notice of appeal was signed 74 days after entry of judgment was served. The suggestion that the entirety of this delay was due to the mail service is not credible.

3

he is unable to provide the two pieces of information ordered by the Court[4]. Notably, the date on which Plaintiff received the notice of the entry of judgment is within his personal knowledge or may be readily ascertained by reference to his personal documents. Plaintiff fails to explain how his being "slow" due to his mental illness has interfered with providing the Court the requested information or how if this condition is a significant impairment, he was able to file his earlier request for an extension of time and file new litigation and respond appropriately in those cases but could not merely provide the requested information in this case.

## II.     The request for an extension of time fails to comply with FRAP 4(a)(6)[5]

In light of Section II above, the Court again analyzes Plaintiff's compliance with FRAP 4(a)(6). "Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered." In re Alexander, 197 F.3d 421, 425 (9th Cir. 1999) (*quoting* 16A Charles Alan Wright et al., Federal Practice and Procedure § 3590.6 at 228 (3d ed. 1999)); Nunley v. City of L.A., 52 F.3d 792, 799 (9th Cir. 1995); *See also* Baker v. California Youth Auth., 1999 U.S. App. LEXIS 20359 (9th Cir. Cal. Aug. 25, 1999) ("Rule 4(a)(6), not Rule 4(a)(5), covers the situation where a party's failure to receive notice of an order precludes a timely appeal. *See* Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1202 (5th Cir. 1993).")

F.R.A.P. 4(a)(6) provides that "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, **but only if** all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

---

[4] Despite the existence of his "mental illness," Plaintiff is a long-time litigator with his first lawsuit being filed in this court in 1998. Sims v. Cox, 2:97-cv-01225-WBS-JFM (E.D. Cal.) Notably, on April 15, 2013, Plaintiff initiated two separate lawsuits in this court pursuant to 42 U.S.C § 1983. Sims v. Duncan, 1:13-cv-0536-GSA (E.D. Cal); Sims v. Emmanuel, 1:13-cv-0537-DLB (E.D. Cal). In both of these matters Plaintiff timely complied with the Court's orders as recently as May 6, 2013. Id. Thus, it appears Plaintiff's mental illness does not prevent him from complying with the Court's order when he wishes to do so.

[5] Because the Court concludes that the request must be analyzed under F.R.A.P. 4(a)(6), it "need not" consider whether it comports with F.R.A.P. 4(a)(5). Nunley, 52 F.3d at 799 (Where a party alleges non-receipt of notice of entry of judgment, the Court need not reach the question of whether the request comports with Rule 4(a)(5) but, instead, analyzes the request under Rule 4(a)(6).) In any event, the Court finds that there is no showing of good cause or excusable neglect given that Plaintiff fails to set forth any grounds, other than the late receipt of the notice of entry of judgment, for the untimely filing.

  (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

  (C) the court finds that no party would be prejudiced."

(Emphasis added).

  Despite the opportunity to advise the Court of when he received the entry of judgment and being advised of the enormity of his failure to comply, Plaintiff has failed to do so. Thus, the motion is deficient and, as a result, the Court cannot determine whether Plaintiff failed to receive the entry of judgment within 21 days of August 29, 2012. FRAP 4(a)(6)(A). Similarly, because Plaintiff failed to indicate when he received notice of the entry of the judgment, the Court cannot determine whether he filed his motion to reopen the time to file an appeal within 14 days after he received the notice of entry of judgment. FRAP 4(a)(6)(B). Finally, the Court has provided Plaintiff with ample opportunity to provide the Court with facts supporting his allegation that he timely filed his appeal and he has not done so. As a result, Plaintiff has held this matter in abeyance for almost a year. Given this substantial delay, the Court finds that re-opening the time for appeal would potentially prejudice any defendants in this matter. FRAP 4(a)(6)(C).

  Because Plaintiff has not provided a sufficient factual basis for his request to reopen the period for filing an appeal despite the opportunity to do so, the Court cannot make the requisite findings pursuant to F.R.A.P. 4(a). As these findings are dispositive to the Court's authority to reopen a matter, the Court lacks the "authority [in the present matter] under Rule 4(a)(6) to reopen or extend the time for filing a notice of appeal." Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir. 1994). Therefore, the motion to reopen the notice of appeal is **DENIED.**

**ORDER**

  Accordingly, the Court **ORDERS** that:

  1. The motion to reopen the appeal period is **DENIED**; and

///

///

///

2. The Clerk of the Court is **DIRECTED** to send a copy of this order to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: **August 8, 2013**                              **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE