# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SIMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NAJERA,<br><br>　　　　　Defendant. | Case No. 1:12-cv-00466-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S "SECOND MOTION DENYING PLAINTIFF'S MOTION TO REOPEN THE APPEAL PERIOD; REQUESTING AN OPPOSITION AGAINST THE DISTRICT COURT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE SECTION RULE [SIC] (4)(6)(a)"**<br><br>**(Doc. 33)** |

　　　　Plaintiff, Robert Sims ("Plaintiff"), is a civil detainee proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is housed at Coalinga State Hospital. On April 24, 2013, the Ninth Circuit Court of Appeals remanded this matter for the limited purpose of the Court reconsidering the issue of whether Plaintiff's notice of appeal could be construed as a motion to reopen the appeal period. Construing it as a motion to reopen the appeal period, the Court denied the motion. (Doc. 30.) Plaintiff has now filed a document titled, "Second Motion Denying Plaintiff's Motion to Reopen the Appeal Period; Requesting an Opposition Against the District Court Pursuant to Federal Rules of civil Procedures section Rule (4)(6)(a)." (Doc. 33.) This motion is construed as a motion for reconsideration[1] of the order

---

[1] This is a consent case. Therefore, Plaintiff is not entitled to reconsideration by a district judge. *See* Appendix A(k)(4) of the Local Rules of the Eastern District of California.

denying Plaintiff's motion to reopen the appeal period.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The basis for Plaintiff's motion for reconsideration is his disagreement with the Court's denial of his motion to reopen the appeal period. Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration. *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880. Plaintiff's disagreement is not sufficient grounds for relief from the order. *Westlands Water Dist.*, 134 F.Supp.2d at 1131.

///
///
///
///
///
///
///

1      Moreover, on October 22, 2013, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal as untimely. (Doc. 34)  Therefore, Plaintiff's "Second Motion Denying Plaintiff's Motion to Reopen the Appeal Period; Requesting an Opposition Against the District Court Pursuant to Federal Rules of civil Procedures section Rule (4)(6)(a)," filed October 10, 2013 (Doc. 33), is **HEREBY DENIED**.

IT IS SO ORDERED.

    Dated:   **November 4, 2013**          **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE